IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DOMINIQUE MCNARY,

    Plaintiff,

    v.                                                                                                            No. 17-CV-00614-MCA-GJF

CORRECTIONS CORPORATION OF
AMERICA, CORIZON MEDICAL,

    Defendants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e) and 1915A, on Plaintiff Dominique McNary's Complaint (Tort) [Doc. 1-1], which was removed from the Thirteenth Judicial District Court of the State of New Mexico pursuant to 28 U.S.C. §§ 1441(a) on June 5, 2017. [Doc. 1] Plaintiff was granted free process in state court and based on the financial information provided by Plaintiff in that proceeding, the Court will grant her leave to proceed *in forma pauperis* in this Court pursuant to 28 U.S.C. § 1915. [Doc. 2-1 at 20-26] For the reasons explained below, Plaintiff's claims under the Heath Insurance Portability and Accountability Act (HIPAA) will be dismissed as frivolous, Plaintiff's constitutional claims against Defendants CCA and Corizon Medical will be dismissed for failure to state a claim upon which relief may be granted, Defendants Baines and Saracino will be added to the caption as defendants, and the Clerk of the Court will be directed to send notice and waiver of service forms to Defendants Corizon Medical, Baines, and Saracino.

Plaintiff, who currently is incarcerated at Springer Correctional Facility, alleges that on March 15, 2015, the "G Unit Manager Mrs. Baines and the health department" disclosed

Plaintiff's confidential health information, namely her diagnosis with human immunodeficiency virus (HIV), to her entire pod. As a consequence of this disclosure, Plaintiff endured "foul treatment," verbal assaults, and "torture[]" that eventually resulted in a physical altercation with another inmate and Plaintiff's transfer to a different pod. [Doc. 1-1 at 3] On August 4, 2015, the medical staff and "c/o Saracino" allegedly disclosed Plaintiff's HIV-positive status again, this time to the entire G-Unit housing unit consisting of "around 370 inmates," by distributing a call list containing Plaintiff's name and listing "the reasons for being seen at chronic care clinic was HIV." [Doc. 1-1 at 4] As a result of this disclosure, Plaintiff "once again" had to endure "[i]nmates verbally assaulting" her and "torturing" her. [Doc. 1-1 at 4]

On March 24, 2017, Plaintiff filed a pro se Complaint (Tort) in the Thirteenth Judicial District of the State of New Mexico against Defendants Corrections Corporation of America (CCA)[1] and Corizon Medical, which appears to raise four claims: (1) violation of HIPAA laws; (2) mental stress and anguish; (3) cruel and unusual punishment; and (4) violation of rules and policies. [Doc. 1-1 at 2] Plaintiff's complaint does not specify the relief sought. [Doc. 1-1 at 5] Defendant CCA removed Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff's complaint raises claims arising under federal law. [Doc. 1 at 2]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a

---

[1]Defendant CCA filed an Answer to Plaintiff's complaint on June 12, 2017, which states that CCA "recently announced a corporate rebranding as CoreCivic." [Doc. 3 at 1 n.1] Defendant CCA has not moved to substitute CoreCivic for CCA and, therefore, the Court will continue to refer to Defendant CCA as CCA.

complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

HIPAA imposes civil and criminal penalties on persons who knowingly and wrongfully disclose "individually identifiable health information." *See* 42 U.S.C. § 1320d-6. The statute does not, however, "create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *see also Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (holding that "there is no private right of action under HIPAA"). Because there is no private right of action under HIPAA, Plaintiff's HIPAA claims will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Nonetheless, "confidential medical information is entitled to constitutional privacy protection." *A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994). Specifically, the United States Court of Appeals for the Tenth Circuit has held that the alleged "disclosure of information regarding one's HIV status by a government official" states a claim for the "violation of a constitutional right to privacy." *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000); *see also Doe v. Delie*, 257 F.3d 309, 311 (3rd Cir. 2001) (holding that "the Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests"); *Powell v. Schriver*, 175 F.3d 107, 110 (2d Cir. 1999) (holding that the "Constitution protect[s] a prisoner's right to maintain confidentiality of HIV-positive status" and transsexualism). Additionally, the Eighth Amendment to the United States Constitution protects inmates from the wanton and unnecessary infliction of psychological pain and, therefore, "prison officials may not punish [a] plaintiff for being an HIV carrier" by, for example, "disseminating 'humiliating but penologically irrelevant details of a prisoner's medical history', or 'branding or tattooing HIV-positive inmates . . . or making them wear a sign around their neck that read[s] 'I AM AN AIDS CARRIER!'" *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810-11 (10th Cir. 1999) (quoting *Anderson v. Romero*, 72 F.3d 518, 526 (7th Cir. 1995)); *see also Powell*, 175 F.3d at 114-15 (holding that the disclosure of an inmate's HIV-positive status "under certain circumstances and absent legitimate penological purposes could constitute deliberate indifference to a substantial risk that such inmate would suffer serious harm at the hands of other inmates" in violation of the Eighth Amendment).

Title 42 of the United States Code, section 1983 "provides a remedy . . . for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (quoting 42 U.S.C. § 1983).

Defendants CCA and Corizon Medical are private entities acting under color of state law and, therefore, they "cannot be held liable *solely* because [they] employ[] a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Rather, to be liable under § 1983, Defendants CCA and Corizon Medical "must have had an official policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* (internal quotation marks and citations omitted).

Plaintiff's complaint fails to allege that Defendants CCA and Corizon Medical had an official policy or custom that resulted in the unconstitutional disclosure of Plaintiff's confidential medical information. To the contrary, Plaintiff alleges that the disclosure of her confidential medical information was a "violation of rules and policies." [Doc. 1-1 at 2] Therefore, Plaintiff's § 1983 claims against Defendants CCA and Corizon Medical will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2]

"[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007). In the body of her complaint, Plaintiff alleges that G-Unit Manager Mrs. Baines and Corrections Officer Saracino were the persons responsible for the alleged disclosure of her confidential medical information. [Doc. 1-1 at 3] Therefore, the Clerk of the Court will be directed to add Baines and Saracino to the caption as defendants in this action.

---

[2]The dismissal of Plaintiff's § 1983 claims has no effect on her state law tort claims.

Plaintiff's complaint raises colorable claims under 42 U.S.C. § 1983 and state tort law against Defendants Baines and Saracino and, therefore, the Clerk of the Court will be directed to send notice and waiver of service forms to these defendants.[3] *See* Fed. R. Civ. P. 4(d). Additionally, Plaintiff's complaint raises colorable claims under state tort law against Defendant Corizon Medical, doing business as Corizon Health, Inc., who has not yet been served with process. [*See* Docs. 1, 2; New Mexico Secretary of State, Corporations and Business Services, https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch (last visited November 9, 2017)]. Therefore, the Clerk of the Court will be directed to send notice and waiver of service forms to Defendant Corizon Medical.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's HIPAA claims are DISMISSED as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and Plaintiff's § 1983 claims against Defendants CCA and Corizon Medical are DISMISSED for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

IT IS FURTHER ORDERED that the Clerk of the Court is directed to add G-Unit Manager Mrs. Baines and Corrections Officer Saracino to the caption as defendants and to send notice and waiver of service forms, along with a copy of this Memorandum Opinion and Order and Plaintiff's complaint [Doc. 1], to: (1) Defendant Baines at Corrections Corporation of America, P.O Box 800, 1700 East Old Highway 66, Grants, New Mexico, 87020; (2) Defendant Saracino at Corrections Corporation of America, P.O. Box 800, 1700 East Old Highway 66, Grants, New Mexico 87020; and (3) Defendant Corizon Medical, doing business as Corizon

---

[3]Plaintiff's complaint does not specify the place of her incarceration at the time of the alleged disclosures of her confidential medical information, but according to CCA's Answer To Plaintiff's Complaint, Plaintiff was incarcerated at the New Mexico Women's Correctional Facility, which is operated by CCA. [Doc. 3 at 2]

Health, Inc., at C T Corporation System, 206 S Coronado Ave., Espanola, NM 87532-2792.

_____
UNITED STATES DISTRICT JUDGE